DA 12-0498

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 227N

MICHAEL S. YEATON, an Individual,
and as Personal Representative of
the Estate of Forrest A. Yeaton,

        Plaintiff and Appellee,

    v.

ERIC D. YEATON,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
                In and For the County of Lincoln, Cause No. DV 11-193
                Honorable James B. Wheelis, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Eric D. Yeaton (Self-Represented), Eureka, Montana

        For Appellee:

                Caleb E. Simpson, Hedman, Hileman & LaCosta, PLLP, Whitefish, Montana

                Submitted on Briefs:  July 17, 2013

                        Decided:  August 13, 2013

Filed:

                    _____
                              Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 On December 27, 2005, Forrest A. Yeaton (decedent) executed a self-proved will that appointed his son, Michael Yeaton, as personal representative. Under the provisions of the will, Michael was the primary beneficiary and decedent's other son, Eric Yeaton, was given 15% of the residuary estate, to be held in a trust and distributed by the trustee. The decedent named Michael as the trustee. A copy of the will was delivered to both sons.

¶3 On September 15, 2010, decedent executed a statutory power of attorney appointing Eric as his attorney in fact. Pursuant to the terms of the document, Eric was authorized to act on behalf of his father in a fiduciary capacity conditioned upon decedent's "inability to function mentally or physically in a competent manner for a significant period of time, as determined in the sole and absolute discretion of my treating physician."

¶4 The decedent died on July 23, 2011. Between July 18, 2011, and July 22, 2011, while his father's death was imminent, Eric transferred into his own name real property of the decedent located in Lincoln County, over $125,000.00 in accounts and/or currency. Eric also removed gold coins kept in decedent's safety deposit box.

¶5 Michael, acting as personal representative, filed a Complaint and Application for Preliminary Injunction on August 3, 2011, seeking to have the assets transferred by Eric returned to the Estate. Eric answered and counterclaimed that the decedent's testamentary

2

intent was to make Eric the primary beneficiary of the will. The District Court ruled that evidence concerning the decedent's testamentary intent contrary to the will in probate was not admissible. Neither party has challenged this order entered by the District Court.

¶6 Following a hearing, the District Court determined that at the time decedent executed his power of attorney to Eric on September 15, 2010, decedent lacked sufficient mental capacity to create the document used by Eric to transfer his assets. The court carefully noted in its written findings that the testimony of Patrick J. Burns, M.D., a neurologist who examined the decedent close to the time the power of attorney was created, establishes that decedent lacked the capacity to execute the document. Dr. Burns performed the examination upon referral from the decedent's treating physician. The District Court found that the neurologist "produced quantifiable evidence of organic brain dysfunctions that would not have been transient and that would have been present at the time [Eric] and his witnesses testified that the decedent was not incapacitated." The District Court considered Eric's testimony and the testimony of Eric's witnesses.

¶7 The District Court further determined that even had the document creating the power of attorney been executed by one with the mental capacity to do so, Eric breached his fiduciary duty by transferring property within days of his father's death knowing of the existence of the will. Sections 72-31-101 through -238, MCA (2009). The District Court entered judgment for Michael and ordered that Eric pay attorney fees and costs. Eric appealed.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The

3

District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted. The District Court was able to observe and hear the witnesses and draw conclusions as to their credibility, ultimately finding that the testimony of Dr. Burns was both credible and not rebutted. In addition, the District Court correctly determined that even had the power of attorney been valid, Eric breached his fiduciary duty to preserve the principal of the decedent's estate when he transferred assets to himself prior to his father's death.

¶9    Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS
/S/ BETH BAKER
/S/ JIM RICE

4